IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | * |
| JERAIL MELIK NETCLIFF, | *   Criminal No. **19-0201 PJM** |
| | *   Civil No.      **21-0497 PJM** |
| Defendant. | * |
| | * |
| | * |
| | * |
| | * |

## MEMORANDUM OPINION

*Pro se* Defendant Jerail Melik Netcliff has moved to vacate his sentence pursuant to 28 U.S.C. § 2255. Despite the Fourth Circuit's prior rejection of his claim, *United States v. Netcliff*, 811 F. App'x 186 (4th Cir. 2020), he now re-asserts that his sentence is unlawful because his applicable Guidelines range was twice misstated at his Rule 11 hearing. For the reasons that follow, Netcliff's Motion is **DENIED**.

I.

On January 24, 2019, Netcliff robbed a bank in Derwood, Maryland, brandishing a replica handgun and demanding money from the teller. On April 22, 2019, he was charged in a single-count criminal information with Bank Robbery in violation of 18 U.S.C. § 2113. The offense was also a violation of his supervised release in another case—a 2017 conviction for possession of a firearm in furtherance of a drug trafficking crime. *See* Criminal No. PJM 14-425.

On May 1, 2019, Netcliff pleaded guilty to the Information in the case at bar. At his Rule 11 hearing, Netcliff was told on two occasions that the Guidelines range for his violation of

supervised release was 27 to 33 months, rather than the correct figure of 37 to 46 months.[1] At another point in the proceeding, however, the correct figure was provided. *See* Rule 11 Hr'g Tr. 12:18-25. Neither Netcliff nor his attorney ever objected to the erroneously cited range.

Furthermore, Netcliff's signed plea agreement stated the correct range: "the parties further agree that, pursuant to U.S.S.G. § 7B1.4(a), the advisory guidelines range for the Violations of Supervised Release is 37 months to 46 months." ECF No. 16 at ¶ 6(h). The plea agreement was signed by Netcliff on April 12, 2019. *Id.* at 10.

On July 8, 2019, Netcliff was sentenced to 84 months imprisonment and 5 years supervised release for Bank Robbery, and a consecutive 36-month term of imprisonment for his violation of supervised release, totaling 120 months imprisonment.

Netcliff appealed his sentence to the Fourth Circuit, claiming that his plea was not knowingly and voluntarily made because of the mistaken Guidelines range for the supervised release violation cited at the Rule 11 hearing. The Fourth Circuit disagreed, stating that: "even if some confusion existed, he hasn't established prejudice," because he did not show that but for the error, he would not have pleaded guilty. *Netcliff*, 811 F. App'x at 187.

## II.

Not happy with the Fourth Circuit's determination, Netcliff asks this Court to depart from its ruling. Importantly, the critical facts have not changed since his appeal was denied: (1) Netcliff signed the plea agreement, which contained the correct Guidelines range; (2) the correct Guidelines range was provided at the Rule 11 hearing; and (3) neither Netcliff nor his attorney ever objected to the erroneously cited Guidelines range. Once again, Netcliff has not shown that he was prejudiced in any way.

---

[1] The maximum range for the Bank Robbery, 0 to 25 years, was correctly stated as "25 years." Rule 11 Hr'g Tr. 19:11-12.

2

Nor was there a violation of Federal Rule of Criminal Procedure 11. That provision requires a defendant be informed of the applicable statutory minimums and maximums, but does not require that he be informed of the applicable Guidelines calculation. *See United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991).

Furthermore, Netcliff's basis for relief does not meet the threshold under 28 U.S.C. § 2255, which requires that he show the error produced a fundamental defect that results in a complete miscarriage of justice. Having agreed to the correct Guidelines range in the plea agreement, he received precisely what he bargained for.

In sum, Netcliff's challenge is as meritless today as it was before the Fourth Circuit in 2020.

### III.

Rule 11(a) of the Rules Governing § 2255 Cases directs district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Netcliff has not made the requisite showing.

## CONCLUSION

For the foregoing reasons, Netcliff's Motion to Vacate, ECF No. 41, is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate Order will **ISSUE**.

Date: August 26, 2021

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

4